No. 53122.—Miles Laboratories, Inc. v. United States, protest 144487–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall and sheep gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

No. 53123.—G. D. Searle & Co. v. United States, protest 145291–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

No. 53124.—Van Gelder-Fanto Corp. et al. v. United States, protests 145326–K, etc. (New York).

Opinion by COLE, J.  It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall and sheep gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

No. 53125.—American Ferment Co., Inc. v. United States, protests 145888–K, etc. (New York).

Opinion by COLE J.  It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

No. 53126.—G. D. Searle & Co. v. United States, protest 146028–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53127.**—Suey Chong & Co. et al. v. United States, protests 846090–G, etc. (San Francisco).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53128.**—Hip Hing & Co. et al. v. United States, protests 63773–K, etc. (San Francisco).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53129.**—China Tea Trading Co. et al. v. United States, protests 76383–K, etc. (Los Angeles).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53130.**—Brookside Distilling Products Corp. et al. v. United States, protests 123991–K, etc. (New York).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained. The protests were overruled in all other respects.

**No. 53131.**—Mario Marrero, Administrator War Emergency Program, Government of Puerto Rico v. United States, protest 134603–K (San Juan).

JOHNSON, Judge: This action arises at the port of San Juan, Puerto Rico, concerning a shipment from Cuba of a variety of surplus war material such as machinery and spare parts, etc. A witness for the plaintiff testified that the merchandise was purchased from the Nicaro Nickel Co. which obtained the various articles from the United States, and that he had unsuccessfully attempted to obtain a certificate of exportation. He further testified that the merchandise cost the Government of Puerto Rico approximately $68,000 and that the duties imposed were more than $15,000, the payment of same necessarily being taken from funds allotted for the construction of hospitals, cemeteries, and public works throughout the Island of Puerto Rico.

The collector of customs at the port of San Juan reported that the appraiser had returned the merchandise description as:

\* \* \* believed to be of American mfr. not advanced in value or improved in condition. Free, P. 1615 or alternate rates shown.